HONORABLE THOMAS O. RICE

MICHAEL E. McFARLAND
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
mmcfarland@ecl-law.com
Attorney for Defendant Rex Newport

IN UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE E. THOMAS, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF COLVILLE, a Municipal Corporation, COLVILLE CITY POLICE DEPARTMENT; REX NEWPORT, and JANE DOE,<br><br>Defendants. | CV-13-120-TOR<br><br>DEFENDANT REX NEWPORT'S MOTION AND MEMORANDUM TO EXCLUDE THE TESTIMONY OF D.P. VAN BLARICOM<br><br>HEARING:  To Be Determined<br><br>**WITH ORAL ARGUMENT** |

COMES NOW Defendant Rex Newport, by and through the undersigned attorney, and hereby moves the Court for an Order Excluding the Testimony of D.P. Van Blaricom.  This motion is based on the files and records herein.

**I.  JOINDER**

Officer Newport hereby joins in Defendant City of Colville's Motion to Exclude the Opinions of D.P. Van Blaricom, filed herewith. To the extent that the City of Colville's Motion does not address Mr. Van Blaricom's testimony related to claims against Officer Newport, Officer Newport provides the following in support of his request to exclude Mr. Van Blaricom's testimony.

## II. LAW/ARGUMENT

Evidentiary rulings are reviewed for an abuse of discretion. *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927 (9th Cir.2000). A motion to admit or exclude scientific evidence is reviewed under the same standard. *General Electric Co. v Joiner*, 522 U.S. 136 (1997). A district court has broad discretion in determining what method is appropriate for evaluation of reliability under the circumstances of each case. *Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256 (2nd Cir.2002). A review of the proposed testimony in this case establishes that the Court, in the exercise of its discretion, should exclude the testimony of Mr. Van Blaricom.

**A.    Expert Testimony Must Meet The Applicable Daubert Standard In Order To Be Admissible At The Time Of Trial.**

Fed. R. Evid. 702 states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an

> expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

In discussing the requirements of Rule 702, the Supreme Court has emphasized that federal judges maintain a "gatekeeping responsibility" to ensure that admitted scientific testimony is both relevant and reliable. *Mukhtar v. California State Univ. Hayward*, 319 F.3d 1073 (9th Cir. 2003) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) (*Daubert I*)). "The trial court must act as a 'gatekeeper' to exclude 'junk science' that does not meet Rule 702's reliability standards by making a preliminary determination that the expert's testimony is reliable." *Id*. (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999)).

Even where an expert's testimony is found reliable, the court must still consider the relevance of the expert's proposed testimony. "Throughout, a judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable rules." *Daubert I*, 509 U.S. at 595. Relevant evidence may be excluded:

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or [would mislead] the jury … expert evidence can be both powerful and misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403

DEFENDANT REX NEWPORT'S MOTION
AND MEMORANDUM TO EXCLUDE THE
TESTIMONY OF VAN BLARICOM – pg. 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

> of the present rules exercise more control over experts than other lay witnesses.

*Id.* (internal citations omitted); Fed.R.Evid. 403.

Here, Mr. Van Blaricom's testimony is contrary to applicable law and not relevant. Further his testimony is speculative, conclusory, and lacks adequate foundation. Finally, Mr. Van Blaricom is simply not qualified to render professional opinions regarding use of force as he is nearly 30 years removed from law enforcement and it has been almost four decades since he last handcuffed an individual.

**B.    Mr. Van Blaricom Improperly Relies Solely On The Existence Of An Injury To Establish Excessive Force.**

Mr. Van Blaricom opines that "it is my considered professional opinion that defendant officer subjected plaintiff to unreasonable and injurious force." *Van Blaricom's Rule 26(a)(2)(B) Report, dated October 21, 2013, amended April 8, 2014, pg. 6, ¶ 11* (hereinafter "*Van Blaricom Report*"). Mr. Van Blaricom testified during his deposition that he relies solely on Mr. Thomas' torn rotator cuff to conclude Officer Newport used excessive force. *Dep. of Van Blaricom, pg. 27, lns. 1-12.*

Such reliance is contrary to the law in the Ninth Circuit as lawful arrests can result in injuries to the suspect consistent with the Fourth Amendment.

DEFENDANT REX NEWPORT'S MOTION
AND MEMORANDUM TO EXCLUDE THE
TESTIMONY OF VAN BLARICOM – pg. 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*Forrester v. City of San Diego,* 25 F.3d 804 (9th Cir.1994); *Mendoza v. Block,* 27 F.3d 1357 (9th Cir.1994). Furthermore, Mr. Van Blaricom is utilizing an improper standard to determine whether excessive force was used. Mr. Van Blaricom must weigh whether the force was objectively reasonable in light of the facts and circumstances confronting Officer Newport, without regard to his underlying intent or motivation. *Gregory v. Cnty of Maui,* 523 F.3d 1103, 1106 (9th Cir.2008); *Officer Newport's Motion for Summary Judgment, Section C (2), filed herewith.* Mr. Van Blaricom admitted he failed to do so in his deposition. *See supra.* As such, this Court should exclude Mr. Van Blaricom's testimony regarding whether Officer Newport utilized excessive force during the arrest.

**C.    Mr. Van Blaricom Cannot Provide Legal Conclusions.**

Mr. Van Blaricom opines that "Defendant officer had no reasonable suspicion that plaintiff had committed any crime . . ." and that "plaintiff never committed any crime, for which he was subject to arrest by defendant officer." *Van Blaricom's Report, pg. 6, ¶ 10.*

It is black-letter law that "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *United States v. Newman*, 49 F.3d 1, 7 (1st Cir.1995), *quoting Marx & Co. v. Diners' Club, Inc*., 550 F.2d 505, 512 (2d Cir.1977). Further, a Court must not allow an expert to "merely tell the

DEFENDANT REX NEWPORT'S MOTION
AND MEMORANDUM TO EXCLUDE THE
TESTIMONY OF VAN BLARICOM – pg. 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

jury what result to reach." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir.1990) (citing Fed.R.Evid. 704 advisory committee notes). As noted by the advisory committee notes to Rule 704, merely telling a jury what decision to reach is not helpful to the trier of fact and is therefore inadmissible. Fed.R.Evid. 704 advisory committee notes. "A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery*, 898 F.2d at 1541 (citations omitted). "Courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law." *U.S. v. Milton*, 555 F.2d 1198, 1203 (5th Cir.1977); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212-14 (D.C.Cir.1997) (reversible error to allow an expert in police practices to opine on whether police officers' efforts in communicating with a deaf plaintiff were enough to satisfy federal disability statutes); *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988).

This Court should not allow Mr. Van Blaricom to testify to legal conclusions under the guise that such conclusions merely reflect his "training and experience." *See Report, pg. 3, ¶7.* Such testimony is clearly prohibited and invades the province of the jury. Furthermore, such testimony should be excluded pursuant to Fed.R.Evid. 403. Officer Newport respectfully requests that

DEFENDANT REX NEWPORT'S MOTION
AND MEMORANDUM TO EXCLUDE THE
TESTIMONY OF VAN BLARICOM – pg. 6

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

the Court enter an order precluding Mr. Van Blaricom from testifying to legal conclusions.

**D.   Mr. Van Blaricom May Not Attempt To Opine Regarding Officer Newport's State Of Mind.**

Mr. Van Blaricom opines: "[i]t is my considered professional opinion that defendant officer's response to plaintiff was more probably than not an example of what is known in the police vernacular as "*contempt of cop*" or having "*failed the attitude test.*" *Van Blaricom Report, pg. 9, ¶ 13*. Essentially, Mr. Van Blaricom is attempting to testify regarding Officer Newport's thought processes, his motivation, his intentions and subjective beliefs. For example, Mr. Van Blaricom opines that "[a] citizen displays conduct that is **perceived to be an "*attitude*" or a "*disrespectful*" challenge** to an officer's authority," "the officer responds to that **perceived challenge**," "'*wins*' the **personality conflict**" and "the subject of the officer's **displeasure** is charged with some pretextual offense . . ." *Id.* (emphasis added).

Such testimony is not only inherently speculative, it is simply inadmissible. *See, e.g., In re Baycol Products Litigation*, 532 F.Supp.2d 1029 (D.Minn.2007) (Expert's opinion that manufacturer of cholesterol drug acted unethically, and his testimony regarding ethical issues, motive, intent, knowledge or state of mind of manufacturer and its employees, and about what other

DEFENDANT REX NEWPORT'S MOTION
AND MEMORANDUM TO EXCLUDE THE
TESTIMONY OF VAN BLARICOM – pg. 7

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

physicians knew or would have done with different information, were inadmissible); *In re: Rezulin Prod. Liab. Litig.*, 309 F.Supp.2d 531, 544 (S.D.N.Y.2004); (expert opinions as to the intent, motives or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise.); *Lohrenz v. Donnelly*, 223 F.Supp.2d 25 (D.D.C.2002) ("courts have generally disfavored expert testimony in determining actual malice, which is essentially a determination of defendants' subjective state of mind"); *Harris v. Quadracci*, 856 F.Supp. 513, 518-19 (E.D. Wis.1994) ("'expert opinion testimony generally is not helpful when determining actual malice against a subjective standard"). Accordingly, this Court should preclude such testimony.

**D.   Mr. Van Blaricom's Opinions Are Conclusory, Speculative, And Lack Adequate Foundation.**

As set forth above, the Court must undertake a rigorous inquiry into whether the information that an expert will testify to is "specialized." *Daubert* does permit an expert's testimony that is based upon specialized knowledge not just scientific theory. *U.S. v. Bighead*, 128 F.3d 1329, 1130-31 (9th Cir. 1997.) However, "[n]othing in *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great

an analytical gap between the data and the opinion proffered." *General Electric Co.*, 522 U.S. at 146. Thus, regardless of whether the individual is an "expert" because of experience, there must still be some connection between the opinion and the data. While an expert may base an opinion on facts or data reasonably relied upon by experts in a field, and which need not necessarily be admissible evidence (Fed. R.Evid. 703), theoretical speculations, unsupported assumptions and conclusory allegations advanced by an expert are [not] entitled to any weight when raised in opposition to a motion for summary judgment. *E.T. Barwick Indus. v. Walter Heller & Co.*, 692 F.Supp 1331, 1347 (N.D.GA), *affirmed*, 891 F.2d 906 (11th Cir. 1989) (citations omitted). There must be a factual foundation or basis for an expert's opinions.

In the instant case, Mr. Van Blaricom admitted he did not review any applicable federal authorities or RCW 47.68.230 which requires pilots to present their license upon demand of any police officer. *Dep. of Van Blaricom, pg. 31, lns. 11 – 23; pg. 83, lns. 3 – 18; pg. 86, lns. 8 – 17*. Furthermore, Mr. Van Blaricom admitted in his deposition that if statute such as RCW 47.68.230 existed, Officer Newport demanded Mr. Thomas' pilot's license, and Mr. Thomas refused, probable cause to arrest Mr. Thomas would have existed. *Dep. of Van Blaricom, pg. 43, ln. 18 – pg. 44, ln. 17*. However, the foregoing is precisely the

DEFENDANT REX NEWPORT'S MOTION
AND MEMORANDUM TO EXCLUDE THE
TESTIMONY OF VAN BLARICOM – pg. 9

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

context of Mr. Thomas' arrest. *See Defendant Newport's Motion for Summary Judgment, filed herewith.* Clearly Mr. Van Blaricom lacks adequate foundation to provide opinions in this matter and his testimony should be excluded.

**E.     Mr. Van Blaricom Is Not Qualified To Provide Expert Opinions Regarding Use Of Force.**

A party calling an expert must demonstrate that the witness qualifies as an expert based on "knowledge, skill, experience, training, or education. . ." Fed.R.Evid. 702. Mr. Thomas is simply unable to demonstrate that Mr. Van Blaricom has the requisite knowledge, skill, experience, training or education to render expert opinions in this case. Mr. Van Blaricom was a law enforcement officer/administrator for 29 years with the Bellevue Police Department. *Van Blaricom Report, pg. 1.* However, Mr. Van Blaricom retired from law enforcement in 1985, and the last time he physically handcuffed an individual occurred in 1975. *Dep. of Van Blaricom, pg. 14, ln. 10 – pg. 15, ln. 4.* He simply has no practical or timely experience in the proper use of force in handcuffing situations and in their proper application. While Mr. Van Blaricom may have considerable police experience in general, he simply does not have the requisite qualifications to make him an expert on the specific issues involved in this case.

In the end, what becomes very clear from reviewing Mr. Van Blaricom's report and testimony is that his opinions in this case are nothing more than his

DEFENDANT REX NEWPORT'S MOTION
AND MEMORANDUM TO EXCLUDE THE
TESTIMONY OF VAN BLARICOM – pg. 10

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

own personal opinions not based upon scientific, technical, or other specialized knowledge, and for which he lacks the requisite knowledge, skill, experience, training, or education. Such personal opinions are simply impermissible and do not meet the standards announced in *Daubert*.

## IV.  CONCLUSION

For the reasons set forth herein, Officer Newport respectfully requests that the Court grant this Motion and exclude Mr. Van Blaricom.

DATED this 11th day of July, 2014.

EVANS, CRAVEN & LACKIE, P.S.

By  */s/ Michael E. McFarland Jr.  /s/*
MICHAEL E. McFARLAND, JR., #23000
Attorneys for Defendant Newport

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

*attorneys for Plaintiff:*
Mark J. Conlin
Conlin, Maloney & Miller
421 W. Riverside Ave., Ste. 911
Spokane, WA 99201

Richard E. Lewis
Attorney at Law
2208 W. Second Ave.
Spokane, WA 99201

*attorneys for City of Colville and Colville Police Dept.:*
Robert L. Christie
Ann E Trivett
Thomas P. Miller
Christie Law Group PLLC
2100 Westlake Avenue , Suite 206
Seattle, WA 98109
Fax: 206-352-7875
Email: ann@christielawgroup.com

  /s/   Michael E. McFarland, Jr.
MICHAEL E. McFARLAND, #23000
Attorney for Defendant Sandona
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, Washington  99201
(509) 455-5200